

**534 BROADHOLLOW ROAD, SUITE 210**
**PO BOX 9034**
**MELVILLE, NY 11747-9034**
**(631) 694.2300 • FAX: (631) 694.2309**

SERVICE BY FAX, EMAIL OR OTHER FORMS OF¶
ELECTRONIC COMMUNICATION NOT ACCEPTED

**SHARON N. BERLIN**
PARTNER

DIRECT DIAL: (631) 414.5822
DIRECT FAX: (631) 414.5822
SNB@LAMBBARNOSKY.COM

September 18, 2023

VIA ECF
Hon. Joan M. Azrack
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

> Re: *Central American Refugee Ctr., M.C., and V.A. v. Nassau County, et al.*
> Docket No. 23-CV-05412 (JMA) (ARL)

Dear Judge Azrack:

We represent Nassau County, Nassau County Police Department ("NCPD"), Police Commissioner Patrick Ryder, Officer John Doe and Sgt. Sabrina Gregg (collectively, "the Defendants"). This letter is written pursuant to Section IV(B) of Your Honor's Individual Rules and Practices for the purpose of requesting a pre-motion conference in anticipation of moving to dismiss the Complaint pursuant to Rule 12(b)(6).

This civil action concerns the alleged duty of the NCPD to provide language translation services to members of the public with limited English proficiency ("LEP"). The two individual plaintiffs, M.C. and V.A., describe themselves as LEP Spanish-speaking individuals. The Complaint alleges that each individual plaintiff placed calls to the NCPD seeking assistance in resolving disputes, which were responded to by police officers who were not proficient in Spanish and were unable to effectively communicate with them, or that the plaintiffs had to wait for before translation services were provided.

The Complaint (a proposed Rule 23 class action) further alleges that the NCPD's failure to provide immediate or near-immediate translation services to all LEP individuals violated their federal constitutional and statutory rights pursuant to the Equal Protection Clause, Title VI of the Civil Rights Act of 1964, the Omnibus Crime Control and Safe Streets Act of 1968, and the First Amendment's Petition Clause. The plaintiffs also allege a *Monell* claim, as well as a cause of action pursuant to the New York State Constitution's Equal Protection Clause.

The Defendants contend that all causes of action should be dismissed in their entirety because the plaintiffs seek to enforce a right that does not exist. There is no federal constitutional or statutory requirement for a local police department to provide language translation services to LEP individuals.

Dismissal of the Complaint's Equal Protection and Title VI causes of action is warranted because the NCPD's alleged actions do not affect a protected class. As the Second Circuit has held, protected classes are not determined by English language proficiency, and governmental actions treating all non-English speakers equally do not implicate a protected class. *Soberal-Perez v. Heckler*, 717 F.2d 36, 41-42 (2d Cir.1983), *cert. denied*, 466 U.S. 929 (1984). In addition, these causes of action should be dismissed because the Complaint fails to plead, with particularity, specific facts showing that the NCPD's allegedly faulty implementation of its language translation program was the product of intentional discrimination. *See Lopez v. Bay Shore Union Free Sch. Dist.*, 668 F. Supp. 406, 414 (E.D.N.Y. 2009). Although the Complaint comprises over 200 paragraphs of allegations and nearly 100 additional pages of supplemental exhibit materials, it is devoid of any non-conclusory allegations suggesting that senior NCPD leadership acted in an intentionally discriminatory manner.

The Safe Streets Act cause of action should be dismissed due to plaintiffs' failure to plead the exhaustion of administrative remedies and for failure to plead intentional discrimination or class-based disparities. *Lockridge v. Buffalo Police*, No. 18-cv-816, 2019 WL 1540823, *7 (W.D.N.Y. 2019).

Additionally, the Petition Clause cause of action should be dismissed because requests for police assistance to help resolve disputes do not constitute "petitions for redress of grievances." *Hilton v. City of Wheeling*, 209 F.3d 1005 (7th Cir. 2000), *cert. denied* 531 U.S. 1080 (2001).

Finally, in the event that the other federal constitutional causes of action are dismissed, the Court is also urged to dismiss the *Monell* cause of action. *Genovese v. Town of Southampton*, 921 F. Supp. 2d 8, 25 (E.D.N.Y. 2013). And, if the Court agrees that all federal statutory causes of action are also dismissed, the Court is urged to dismiss the request for declaratory judgment. *Chevron Corp. v. Naranjo*, 667 F.3d 232, 244 (2d Cir. 2012) *cert. denied* 568 U.S. 958 (2012). The Court should then decline to exercise supplemental jurisdiction over the remaining pendent state law cause of action. *Genovese*, 921 F. Supp. 2d at 26.

For the above reasons, the defendants seek the Court's permission to file a motion to dismiss the Complaint pursuant to Rule 12(b)(6).

Respectfully submitted,

By: /s/ *Sharon N. Berlin*
Sharon N. Berlin, Esq.
Richard K. Zuckerman, Esq.
LAMB & BARNOSKY, LLP
*Attorneys for Defendants*
534 Broadhollow Road, Suite 210
P.O. Box 9034
Melville, New York 11747
(631) 414-5822
snb@lambbarnosky.com
rkz@lambbarnosky.com

cc: Andrew Claude Case, Esq., Meena R. Oberdick, Esq., Fulvia Vargas-De Leon, Esq., May K. Chiang, Esq., Vishan J. Patel, Esq., Neil A. Steiner, Esq., Counsel for Plaintiffs (via ECF)